**HAHN LOESER & PARKS, LLP**
Michael J. Gleason, Esq. (CA 279434)
mgleason@hahnlaw.com
Samuel C. Sneed, Esq. (CA 289205)
ssneed@hahnlaw.com
One America Plaza
600 West Broadway, Suite 1500
San Diego, CA 92101
Phone: 619-810-4300
Fax: 619-810-4301

*Attorneys for Plaintiff*
A-Roo Distributing of California LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A-ROO DISTRIBUTING OF CALIFORNIA LLC, a limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL SWITZER, an individual,<br><br>Defendant. | Case No.:  **'17CV2140 AJB AGS**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff A-ROO Distributing of California LLC ("A-ROO") for its Complaint for Declaratory Judgment against Defendant Michael Switzer ("Defendant"), states:

## INTRODUCTION

1. This is an action to obtain a declaration that the Confidential Settlement Agreement and Release of All Claims ("Settlement Agreement") is fair and effective to waive all claims by Defendant against A-ROO, including all claims that could be brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## PARTIES

2. A-ROO is an Ohio Limited Liability Company, with its principal place of business located in Oceanside, San Diego County, California. Therefore, A-ROO is a citizen of Ohio and California.

3. Defendant is an individual residing at 2301 Catalina Circle Oceanside, California 92056. Therefore, Defendant is a citizen of California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 2201, as A-ROO seeks a declaration of the rights and other legal relations with respect to the Settlement Agreement with Defendant.

5. This Court also has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because the Settlement Agreement involves a waiver of claims arising under the laws of the United States, including, but not limited to, the FLSA.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), (2), and/or (3).

## FACTUAL BACKGROUND

7. On November 7, 2016, A-ROO hired Defendant to the position of Office Administrator and employed him continuously until it terminated his employment on March 28, 2017.

8. On June 13, 2017, Defendant, through counsel, contacted A-ROO to claim that he had been subjected to sexual harassment, that A-ROO terminated his employment in retaliation for Defendant's alleged complaints about sexual harassment, and that A-ROO had failed to comply with applicable wage and hour laws.

9. A-ROO denies that any of Defendant's allegations have any merit whatsoever.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

10. Further, A-ROO has maintained FLSA-compliant records that refute its liability to Defendant.

11. Despite A-ROO's lack of liability to Defendant, A-ROO sought to avoid the costs of litigation by providing Defendant with a settlement payment in exchange for a full waiver of any claims that Defendant had or may have had against A-ROO as of the time of the agreement.

12. Defendant, through his attorney, Habib Hasbini, Esq., negotiated an agreement with A-ROO's legal counsel, Steven E. Seasly, Esq., and Andrew J. Wolf, Esq. of the undersigned firm.

13. Because some courts have interpreted the FLSA to bar out-of-court settlements between the parties absent approval from the federal Department of Labor, A-ROO conditioned any settlement payment on obtaining court approval of the parties' agreement to ensure that Defendant had effectively waived all claims, including any wage and hour claims asserted pursuant to the FLSA.

14. A-ROO and Defendant ultimately reached an agreement memorialized in the Settlement Agreement, which A-ROO seeks to file under seal with this Court.

15. Defendant executed the Settlement Agreement on October 5, 2017, but continues to assert that his claims, including his wage and hour claims, against A-ROO have merit.

16. A-ROO executed the Settlement Agreement on October 13, 2017, and continues to deny that Defendant's claims, including his wage and hour claims, against A-ROO have any merit whatsoever.

## CAUSE OF ACTION
### (Declaratory Relief)

17. A-ROO incorporates the preceding paragraphs as though such have been fully set forth herein.

18. An actual controversy has arisen and now exists between A-ROO and Defendant regarding whether A-ROO acted lawfully with respect to Defendant's employment and the termination of Defendant's employment, including whether A-ROO complied with all applicable wage and hour laws with respect to Defendant's employment.

19. The controversy between A-ROO and Defendant is definite and concrete and touches on the legal relations of the parties, as they dispute whether A-ROO acted lawfully with respect to Defendant's employment and the termination of Defendant's employment.

20. As such, there is a *bona fide* dispute between A-ROO and Defendant with regard to A-ROO's liability, if any, to Defendant.

21. Although A-ROO continues to deny any liability to Defendant, A-ROO and Defendant have attempted to settle their differences through the Settlement Agreement.

22. This controversy is amenable to specific and conclusive relief in the form of a declaratory judgment finding that the Settlement Agreement is fair and enforceable with regard to all claims that may be brought against A-ROO by Defendant as of the date Defendant executed the Settlement Agreement.

23. A declaratory judgment would definitively decree what the parties may do with regard to the Settlement Agreement and subsequent litigation between A-ROO and Defendant.

24. Therefore, A-ROO seeks a declaratory judgment finding that the Settlement Agreement is fair and enforceable against Defendant with respect to all claims that Defendant may bring against A-ROO by Defendant as of the date Defendant executed the Settlement Agreement, including all claims under the FLSA.

///

///

## PRAYER FOR RELIEF

**WHEREFORE,** A-ROO prays for declaratory judgment as follows:

1. For a declaration that the Settlement Agreement is fair and effective to waive all claims Defendant had or may have had against A-ROO, including all claims that may have been asserted pursuant to the FLSA, as of October 5, 2017.

Respectfully submitted,

**HAHN LOESER & PARKS LLP**

DATED: October 18, 2017

By: /s/ Samuel C. Sneed
    Samuel C. Sneed, Esq.
    Attorneys for Plaintiff, A-ROO
    Distributing of California LLC

## JURY DEMAND

Plaintiff A-ROO Distributing of California LLC respectfully demands a jury with regard to all claims so triable.

**HAHN LOESER & PARKS LLP**

By: /s/ Samuel C. Sneed
    Samuel C. Sneed, Esq.
    Attorneys for Plaintiff, A-ROO
    Distributing of California LLC