# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A-ROO Distributing of California, LLC,<br>    Plaintiff,<br>v.<br>Michael Switzer,<br>    Defendant. | Case No.: 17-cv-2140-AJB-AGS<br><br>**ORDER DENYING JOINT MOTION TO FILE SETTLEMENT UNDER SEAL (Doc. No. 3)** |

The parties jointly moved to file the settlement agreement under seal according to Local Rules 7.2 and 79.2. (Doc. No. 3.) The parties request the agreement be filed under seal because the agreement contains confidential "specific terms, amounts, and conditions of the settlement agreement. . . ." (*Id.* at 2.)

Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The court must "conscientiously balance [ ] the competing interests" of the public and those requesting a sealing order. *Foltz*, 331 F.3d at 1135. After considering these interests, if the court decides to seal certain records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir. 1986)); *Ambrosino v.*

*Home Depot U.S.A., Inc.*, No. 11-cv-1319-L-MDD, 2014 WL 931780, at *1 (S.D. Cal. Mar. 10, 2014). Regarding FLSA cases, "the overwhelming consensus of district courts that have considered the issue [ ] hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access." *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646–48 (S.D.N.Y. 2011) (listing cases).

The parties give five reasons as to why the settlement should be sealed. (Doc. No. 3-1.) The first two reasons argue that confidentiality protects both defendant Switzer from future employers taking issue with any of the settlement terms and A-ROO from "the risk of similar litigation." (*Id.* at 5.) A-ROO asserts it acted lawfully and is fearful a non-confidential settlement agreement may encourage "employees and former employees to bring suit merely for the purpose of obtaining similar settlements." (*Id.* at 6.) However, "'[a] litigant is not entitled to the court's protection from' exposure to 'additional liability and litigation.'" *Luo v. Zynga Inc.*, Case No. 13–cv–00186 NC, 2013 WL 5814763, at *3 (N.D. Cal. Oct. 29, 2013) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (holding that exposure to liability in collateral suits is not a compelling reason to overcome the presumption of public access)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also Carpenter v. Colonial Mgmt. Grp., LP*, No. 12–cv–686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012) (noting that the well-recognized presumption of public access to FLSA settlements was not outweighed by the settlement's confidentiality provision or defendant's concern with "negative publicity or attention" that could follow from having the terms of this settlement made public).

Similarly to what the Court pointed out in *Luo*, this lawsuit was already a matter of public record exposing both A-ROO and Switzer to potential embarrassment or unwanted recognition. Other than a conclusory statement that Switzer might be prejudiced by future employers and that A-ROO might be sued by greedy employees, the parties have not

explained why or how future employers might preconceive Switzer nor how "making the settlement agreement public would discourage employees from filing similar claims." *Luo*, 2013 WL 5814763, at *3.

In the parties' second and third arguments, they state the motion should be granted as they intended the agreement be kept confidential and the terms of the agreement "are the product of confidential settlement negotiations . . . ." (Doc. No. 3-1 at 6.) However, district courts in the Ninth Circuit have held that an agreement "to make the settlement agreement confidential" is insufficient on its own. *Select Portfolio Servicing v. Valentino*, No. C 12–0334 SI, 2013 WL 1800039, at *3 (N.D. Cal. Apr. 29, 2013); *Luo*, 2013 WL 5814763, at *3 ("The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal."). The argument that A-ROO and Switzer may have agreed to keep the agreement confidential has been thoroughly rejected by courts as non-persuasive. *See Joo*, 763 F. Supp. 2d at 648 ("Courts that have considered this sort of justification for sealing the settlement agreement, however, have roundly rejected it.").

Finally, the parties state that the agreement also settles non-FLSA claims, which they argue are not applicable to the strong policies disfavoring sealing FLSA settlement agreements. (*Id.* at 6–7.) However, looking through the agreement, the Court finds no mention of any other specific claims which are settled per the terms of the agreement that are not already public knowledge from A-ROO's complaint, (Doc. No. 1).

After reviewing the settlement agreement, the Court finds that nearly the entire agreement contains neither confidential nor sensitive information. The recitals section contains information from the complaint, which is already public knowledge. Beyond that, save the payment section, the rest of the agreement contains boilerplate provisions found in nearly every settlement—hardly matters traditionally kept secret. It does not contain the reasons courts typically find as compelling, such as medical records, trade secrets, proprietary information, or a showing that harm or prejudice will result. *See Luo*, 2013 WL 5814763, at *3 ("Because the parties here have failed to articulate any facts—for example

that the settlement agreement contains trade secrets or competitively sensitive information—that would justify sealing their settlement agreement, the Court finds that the settlement agreement should be unsealed."); *Select Portfolio Servicing*, 2013 WL 1800039, at *3 (denying motion to seal agreement partially because defendants had "not even made a showing that some specific harm or prejudice will result from its publication."). Regarding the settlement payment section, the Court agrees it contains confidential information including the settlement amount and payment details. However, that information can be redacted to protect A-ROO's and Switzer's negotiations and the final settlement amount.

Overall, the Court is not persuaded that the settlement agreement contains the type of information which overcomes the strong interest in public disclosure and the surplus of cases disfavoring sealing FLSA agreements. Accordingly, the parties' joint motion to file the settlement under seal is **DENIED** without prejudice. (Doc. No. 3.) The parties, however, may redact the settlement amount and other payment information as instructed herein. The parties may also withdraw the settlement agreement as they see fit. The Court notes that there is no legal requirement that the settlement agreement must be filed, but where the parties want it, they must conform to the law on public access.

**IT IS SO ORDERED.**

Dated:  November 22, 2017

Hon. Anthony J. Battaglia
United States District Judge